Simon LITVIN, Plaintiff,

v.

Michael CHERTOFF, et al., Defendants.

Civil Action No. 08–10172–JLT.

United States District Court, D. Massachusetts.

Nov. 19, 2008.

Erinna Delle Brodsky, Law Office of Erinna Delle Brodsky, Brookline, MA, Gregory Romanovsky, Law Offices of Gregory Romanovsky, Boston, MA, for Plaintiff.

Christopher R. Donato, United States Attorney's Office, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

TAURO, District Judge.

Presently at issue is Defendants' *Motion to Dismiss* [# 5]. For the following reasons, Defendants' Motion is DENIED.

Plaintiff Simon Litvin is a native of Russia and a lawful permanent resident of the United States.[1] On April 13, 2006, Plaintiff filed a Form N–400 application for naturalization with the U.S. Citizenship and Immigration Services ("USCIS").[2] On June 19, 2006, a name-check request was submitted to the Federal Bureau of Investigation ("FBI"), and on July 12, 2006, Plaintiff was fingerprinted.[3] Presently,

1. Compl. ¶ 16.

2. *Id.*

3. Defs.' Mem. Supp. Mot. Dismiss 1.

approximately two years and four months after Plaintiff was fingerprinted, Plaintiff's naturalization application is still pending in the name-check stage.[4] On February 4, 2008, Plaintiff filed a mandamus action to compel various individuals and entities responsible for the adjudication of his naturalization application to proceed with the name check and otherwise adjudicate the application.[5]

Defendants bring this Motion pursuant to Rule 12(b)(1) and (6) on the grounds that this court does not have subject matter jurisdiction over the action and that Plaintiff has failed to state a claim upon which relief may be granted. To survive a Rule 12(b)(1) motion, a plaintiff has the burden of pleading sufficient allegations to demonstrate a proper basis for the court to assert subject matter jurisdiction over the action.[6] A court may dismiss a complaint pursuant to Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.[7]

An applicant's naturalization application generally proceeds along a four-step process: (1) the applicant submits an application; (2) the USCIS, in conjunction with agencies such as the FBI and Central Intelligence Agency, conducts an investigation and background check; (3) the appli-

cant undergoes an examination; and (4) the applicant, if successful, takes an oath of allegiance.[8] In this case, Plaintiff's application is in the second stage—the investigation and background check. Specifically, Plaintiff has been fingerprinted, but the name check is still pending.

Section 1447, which Congress enacted as part of the Immigration Act of 1990, specifies the remedies available to an applicant who is unsatisfied with the government's adjudication of a naturalization application. Section 1447 provides in relevant part that if the USCIS fails "to make a determination under section 1446 ... before the end of the 120–day period after the date on which the *examination* is conducted ...", the applicant may apply to the United States district court ... for a hearing on the matter."[9] The majority of courts refer to the "examination" as the interview.[10] Section 1447 provides for district court review of applications that have been pending 120 days after the interview, but the statute does not prescribe a definite time in which the government must complete the investigation and background check. This court would not have jurisdiction directly under § 1447, therefore, because Plaintiff has not reached the interview stage of the adjudication process.

Instead of asserting jurisdiction under § 1447, Plaintiff contends that this court

---

**4.** *See* Compl. ¶ 17. The "name check" is "performed by the FBI at the request of the CIS (in addition to regular criminal background checks), in connection with any permanent residence or citizenship application. The criteria for said name check are established by the CIS and laid out in the Memorandum of Understanding between the two agencies." Pl.'s Mem. Opp'n Mot. Dismiss 7.

**5.** Defendants' arguments for dismissal do not distinguish between the individual Defendants and their respective roles in Plaintiff's naturalization adjudication.

**6.** *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

**7.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

**8.** *See generally* 8 U.S.C.A. § 1446 (West 2008) (outlining the process for investigating applicants and examining applications); 8 C.F.R. § 335.1 (2008) (same).

**9.** § 1447(b) (emphasis added).

**10.** *See Assadzadeh v. Mueller,* No. 07–2676, 2007 WL 3252771, at *4 (E.D.Pa. Oct. 31, 2007).

has jurisdiction pursuant to 28 U.S.C. § 1331; the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*; and the mandamus statute, 28 U.S.C. § 1361.[11] The APA, in conjunction with § 1331, provides courts with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed."[12] Because courts have construed the APA and the mandamus statute to be coextensive,[13] this court will address the statutes interchangeably.

Defendants argue that *Norton v. Southern Utah Wilderness Alliance* disposes of Plaintiff's APA and mandamus grounds for jurisdiction. The U.S. Supreme Court held in *Norton* that a suit such as this one could proceed only if the "plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take.*"[14] Defendants argue that because the naturalization statute does not provide a deadline by which the government must complete the background check and investigation, the government has the discretion to proceed at a pace of its choosing. Defendants contend, therefore, that this court cannot exercise subject matter jurisdiction under the APA or the mandamus

statute to compel the government to complete the discretionary act of completing Plaintiff's name check.

■ This court disagrees with Defendants' interpretation and holds that the government has a nondiscretionary duty to act on applications by processing them. This duty is consistent with § 555(b) of the APA, which requires that agency actions be completed within a reasonable time.[15] The purposes behind the APA and the Immigration Act of 1990 compel the conclusion that the government has a nondiscretionary duty to adjudicate naturalization applications. Under Defendants' interpretation, the government could delay the adjudication of a naturalization application for the entire lifetime of an applicant, thereby effectively failing to adjudicate the application at all. At some point, such a delay would become an "unreasonabl[e] delay" under the APA. The government does not have the discretion, therefore, to delay adjudication of a naturalization application for an unreasonable length of time.[16]

■ Defendants also argue that even if they have a nondiscretionary duty to act

11. Plaintiff also asserts jurisdiction pursuant to the Declaratory Judgment Act and the Fifth Amendment to the U.S. Constitution. "The Declaratory Judgment Act is not an independent source of federal jurisdiction." *Schilling v. Rogers,* 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960). Because Parties' briefs do not address the Fifth Amendment and subject matter jurisdiction is satisfied under the APA and the mandamus act, this court does not address the Fifth Amendment here.

12. 5 U.S.C.A. § 706(1) (West 2008).

13. *See, e.g., King v. Office for Civil Rights,* 573 F.Supp.2d 425, 429 n. 2 (D.Mass.2008) (citing *Independence Mining Co. v. Babbitt,* 105 F.3d 502, 507 (9th Cir.1997)).

14. 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

15. *See Sidhu v. Chertoff,* No. 1:07–CV–1188 AWI SMS, slip op. at 5 (E.D.Cal. Feb. 25, 2008) (citing *Sherdil v. Chertoff,* No. CV–07–629–PHX–DGC, 2007 WL 4564111, at *2 (D.Ariz. Dec. 20, 2007); *Sun v. Gonzales,* No. CV–07–0180–AMJ, 2007 WL 3548280, at *5 (E.D.Wash. Nov. 15, 2007); *Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D.Wis.2007); *Han Cao v. Upchurch,* 496 F.Supp.2d 569, 575 (E.D.Pa.2007); *Tang v. Chertoff,* 493 F.Supp.2d 148, 154 (D.Mass.2007); *Duan v. Zamberry,* No. 06–1351, 2007 WL 626116, at *4 (W.D.Pa. Feb. 23, 2007); *Saleh v. Ridge,* 367 F.Supp.2d 508, 511–12 (S.D.N.Y.2005)).

16. This view is consistent with decisions by courts in the First Circuit, *see, e.g., Tang,* 493 F.Supp.2d at 148 (holding that the court had subject matter jurisdiction to compel the USCIS to adjudicate the plaintiff's form I–485 application for adjustment of immigration status and that delay of nearly four years was

and this court has subject matter jurisdiction over the action, Plaintiff has failed to state a claim of unreasonable delay. Some courts have dismissed actions such as these after concluding that the delay in question was not per se unreasonable.[17] Here, Plaintiff has presented facts that are not patently frivolous and tend to show that the government has delayed adjudication of Plaintiff's naturalization application for about two years and four months since Plaintiff's fingerprinting. The question of whether that delay is unreasonable goes to the merits of the case, not this court's jurisdiction, and is better addressed after Parties have engaged in discovery.[18] Plaintiff could plausibly prove some set of facts demonstrating that the delay in adjudicating his naturalization application is unreasonable.

Pursuant to the APA and the mandamus statute, this court has jurisdiction to review Plaintiff's claim that the individuals and entities responsible for adjudicating his naturalization application have not adjudicated his application within a reasonable length of time. Plaintiff has demonstrated that he could prove some set of facts in support of his claim that would entitle him to relief. Accordingly, Defendants' Motion is DENIED.

IT IS SO ORDERED.

unreasonable); *Vorontsova v. Chertoff*, No. 07–10426–RGS, 2007 WL 3238026 (D. Mass. Nov. 2, 2007) (holding that the court had subject matter jurisdiction to compel the government to proceed with the plaintiff's form I–485 application to adjust immigration status but dismissing for failure to state a claim because delay of about twenty-one months was not per se unreasonable), and other jurisdictions, *see, e.g., Sidhu*, No. 1:07–CV–1188 AWI SMS, slip op.; *Assadzadeh v. Mueller,* No. 07–2676, 2007 WL 3252771 (E.D.Pa. Oct. 31, 2007); *Hanbali v. Chertoff*, No. 3:07CV–50–H, 2007 WL 2407232 (W.D.Ky. Aug. 17, 2007).

**17.** *See, e.g., Vorontsova*, 2007 WL 3238026, at *3 (delay of about twenty-one months).

**18.** *See Sidhu*, No. 1:07–CV–1188 AWI SMS, slip op. at 7.